UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Kortney Greer,                                    Case No. 15-cv-465 (PAM/JSM)

                           Plaintiff,

v.                                                **MEMORANDUM AND ORDER**

Walsh Construction Company,

                           Defendant.
    ─────────────────────────────────────────────

This matter is before the Court on Defendant's Motion to Exclude Expert Testimony.  For the reasons stated at the hearing and those that follow, the Motion is denied.

**BACKGROUND**

In the early evening of July 10, 2013, Plaintiff Kortney Greer was riding his motorcycle eastbound on University Ave in St. Paul.  (Compl. (Docket No. 1-1) ¶ 5.) University Avenue's right lane was closed at the time because of construction for the Central Corridor light-rail project.  (Id.)  Defendant Walsh Construction Company was the light-rail project's general contractor.  (Id. ¶ 3.)  Greer asserts that he saw an uncovered manhole on the street, and that when he tried to steer away from it, he lost control of his motorcycle.  He struck a large metal plate, injuring his left knee, and slid on the pavement, causing further injuries.  (Id. ¶ 5.)  Greer alleges that the metal plate, which weighed more than 1,600 pounds and measured 5 feet by 8 feet (Henry Dep. (Docket No. 23-5) at 71-72), was improperly secured to the roadway and had shifted, uncovering the

manhole.  (Compl. ¶¶ 5, 8.)[1]  His one-count Complaint, filed in Ramsey County and removed to this Court, claims that by failing to mark or secure the open hole, Walsh breached its duty to ensure the roadway was safe during construction.  (Id.) Greer seeks damages for pain and suffering, loss of enjoyment of life, emotional distress, medical expenses, economic loss, and loss of future earning capacity.  (Id. ¶ 7.)

The parties intend to rely on expert discovery to attempt to explain what caused the steel plate to shift.  Walsh's expert, Dr. David Noyce, Ph.D., is a Professor and the Department Chair of Civil and Environmental Engineering at the University of Wisconsin-Madison.  (Opp'n Mem. (Docket No. 36) at 3.)  Dr. Noyce will testify that it is highly improbable that traffic and/or vibration caused the steel plate to shift and expose the hole, and that Greer's collision with the plate was what caused it to shift.

Plaintiff proffers the testimony of Greg Gravesen as his causation expert. Gravesen is a former police officer who served for most of his 25-year tenure as a crash investigator.  His qualifications as an accident reconstructionist are extensive.  (See Gravesen Aff. (Docket No. 42) ¶ 1; Gravesen C.V. (Docket No. 42-1) at 1-8.)  Gravesen will testify that the steel plate did not conform to the road's surface, leaving a gap between the road surface and the plate.  (Gravesen Aff. ¶ 3.)  According to Gravesen, when a heavy vehicle traveled over unsupported corners of the steel plate, its equilibrium was disturbed, causing the plate to move over time as more and more vehicles drove over it.  (Id. ¶¶ 3-5.)

---

[1] Paragraph 8 in the Complaint is misnumbered Paragraph 2.

**DISCUSSION**

Expert opinion testimony from a qualified expert is admissible if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;

(b) the testimony is based on sufficient facts or data;

(c) the testimony is the product of reliable principles and methods; and

(d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. The Court's role is to ensure that only relevant and reliable expert testimony is admitted. See Daubert v. Merrell Dow Pharm., Inc., 509 U.S. 579, 589 (1993). Factors the Court should examine when determining reliability include whether (1) a theory or technique can be and has been tested, (2) the theory or technique has been subjected to peer review and publication, (3) there is a known or potential rate of error and whether there are standards for controlling the error, and (4) whether the theory or technique enjoys general acceptance within the relevant scientific community. Id. at 592-95. Additional factors include whether (5) the expertise was developed for litigation or naturally flowed from the expert's research, (6) the proposed expert ruled out other alternative explanations, and (7) the proposed expert sufficiently connected the proposed testimony with the facts of the case. Sappington v. Skyjack, Inc., 512 F.3d 440, 449 (8th Cir. 2008).

Expert testimony may be based either on professional studies or personal experience as long as the expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." Kumho Tire Co., Ltd. v. Carmichael, 526 U.S. 137, 152 (1999).  However, to be reliable and therefore admissible, the evidence must provide a "valid . . . connection to the pertinent inquiry." Id. at 149 (quoting Daubert, 509 U.S. at 592).  "[N]othing in either Daubert or the Federal Rules of Evidence requires a district court to admit opinion evidence that is connected to existing data only by the ipse dixit of the expert." Gen. Elec. Co. v. Joiner, 522 U.S. 136, 146 (1997).  "A court may conclude that there is simply too great an analytical gap between the data and the opinion offered." Id.

Walsh argues that Gravesen's testimony is ipse dixit because, according to Walsh, his opinion is not based on data, testing, or scientific methodology.  Walsh urges the Court to exclude Gravesen as an expert because his opinion is based on "a single photo of the steel plate taken after the accident and a witness's observation of the plate after the accident." (Def.'s Supp. Mem. (Docket No. 36) at 2 (emphases in original).)  However, Walsh's only evidence of the plate's position is also based on its expert's testimony. Walsh's characterization of Gravesen and the basis for his expert opinion oversimplifies his investigation and analysis of what caused the steel plate to shift.  Gravesen's conclusions were based on, among other sources, the state accident report, the St. Paul Police Department's incident report, several photographs provided by multiple individuals, the testimony of several witnesses, and other expert's reports.  (Gravesen Rep. (Docket No. 37-1) at 2.)

4

Gravesen's report may not be as technical as Noyce's, but Walsh does not contest Gravesen's expertise in the field of crash investigation and analysis.  Thus, Gravesen can testify, at the very least, based on his personal experience in the field.  Gravesen's expert report is based on specialized knowledge that will help the jury determine whether the manhole was covered when Greer was injured.  His testimony is therefore admissible.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED that** Defendant's Motion to Exclude (Docket No. 35) is **DENIED**.

Dated:  May 20, 2016

*s/ Paul A. Magnuson*
Paul A. Magnuson
United States District Court Judge